# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

THOMAS GIBSON
9512 Merikern Lane
Upper Marlboro, MD
20772
(443)-679-2213

      Plaintiff,

  v.                               :        **Civil Action No.**_____
                                         (to be filled by clerk of Court)
                                         **JURY TRIAL DEMANDED**

FEDERAL PARKING, INC.
1311 Cathedral Street
Baltimore, MD
21201
(877)-332-7275

      Defendant,

## COMPLAINT

COMES NOW Plaintiff Thomas Gibson, and moves this Honorable Court for judgement against Defendant FEDERAL PARKING, INC. for alleged violations of Title VII, 42 U.S.C. § 2000e-3(a), and states the following in support thereof:

## PARTIES

1. Plaintiff Thomas Gibson is an individual who resides in Maryland within the domain of the United States District Court for the District of Maryland.

2. Defendant FEDERAL PARKING, INC. is a Maryland corporation with greater than fourteen (14) and fewer than one hundred and one (101) employees that operates its principal business within the domain of the United States Court for the District of Maryland.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the action pursuant to Title 42 U.S.C. § 2000e-5(f)(3).

4. Venue is proper because this is the judicial district wherein the alleged unlawful employment practice occurred.

5. The Equal Employment Opportunity Commission ("EEOC") received a timely charge (EEOC charge no. 531-2022-02443) filed by Plaintiff Thomas Gibson on or about August 10, 2022.

6. Due to a large backlog of cases, the EEOC certified that "the Commissions' processing of this charge will not be completed within 180 days from the filing date" and issued to the Plaintiff a "Notice of Right to Sue" on September 27, 2022 upon request.

7. All conditions precedent to the filing of suit have been performed or have occurred.

## FACTUAL ALLEGATIONS

8. I, Plaintiff Thomas Gibson, was hired for employment by FEDERAL PARKING, INC. on or about January 5, 2022 by manager Ebonee Braswell.

9. On or about January 17, 2022, manager Ebonee Braswell directed the Plaintiff to be trained in employment duties by a fellow employee, Elmer Hamilton.

10. On March 3, 2022 at 11:39AM, I, Plaintiff Thomas Gibson, sent an electronic mail addressed to both Douglas Logue (d.logue@federalparking.com), regional manager at FEDERAL PARKING, INC. and to the Baltimore Police Department, Central District (centraldistrict@baltimorepolice.org) reporting the theft of money from FEDERAL PARKING, INC. by fellow employee, Elmer Hamilton, on February 27, 2022 at the parking garage at 1030 Park Ave, Baltimore, MD 21201. The report also alleged that Elmer Hamilton directed the Plaintiff to violate company policy and engage in fraud by leaving early without clocking out, and that Elmer Hamilton stated he would "clock out" the Plaintiff at the conclusion of the shift. Within this report, the Plaintiff expressed concern about being retaliated against

for filing the report with the police, and informed the regional manager that filing a police report is a protected activity under State and Federal law. The report detailed statutes that protect persons from workplace retaliation as well as adverse actions that could be considered retaliation under the law.

11. On March 3, 2022 at 12:08PM, Douglas Logue, regional manager for FEDERAL PARKING, INC. replied to the email sent, addressing both the Baltimore Police Department and the Plaintiff. Mr. Logue responded by saying "BPD: Federal Parking will open an investigation into this theft by an employee and get back to you with any issues or reports that need to be formally filed. Thomas will not be terminated or penalized for coming forward with this info." Mr. Logue also addressed myself, Plaintiff Thomas Gibson, asking me to help with the internal investigation. The person reported to have committed the theft was removed from the work location within several days of the report having been filed.

12. On March 4, 2022, I, Plaintiff Thomas Gibson, was approached by my direct supervisor Mark Coleman and given a disciplinary write-up, labeled an "incident report", alleging that I had not been performing my duties adequately and was unavailable to help customers on February 16, 2022 and March 2, 2022. The report was typed and marked as having been written on March 2, 2022. Mark Coleman and I, Plaintiff Thomas Gibson, both signed and dated the report on March 4, 2022, when it was presented to me. Supervisor Mark Coleman stated at that time that the incident reports were written by regional manager Douglas Logue, who directed him to issue the write-ups to me.

13. Between the week of February 28, 2022 to March 6, 2022, and the week of April 11, 2022 to April 17, 2022, my scheduled working hours were reduced from approximately forty (40)

hours per week to approximately sixteen (16) hours per week and my hours were changed from generally working between 2:00PM and 8:00PM, to generally working between 5:00PM and 11:30PM.

14. On or about April 22, 2022, I, Plaintiff Thomas Gibson, came to work at the parking garage at 1311 Cathedral Street, Baltimore, MD 21201. Upon entering the office to clock in I was harassed by a fellow employee for FEDERAL PARKING, INC. This employee, the porter, named Terran Carney, made several lewd comments toward me and about me in front of and to another employee, Candice Harris. Terran, who was already speaking with Candace when I entered the office, stated that he wanted to "buy dick", then Mr. Carney looked at me and pointed at me, saying "I'll get a young nigga like that to do it" and "If it costs three hundred dollars then it costs three hundred dollars. But you're gonna have to perform for me and don't be scared." I immediately told Mr. Carney that his comments were highly disrespectful and that they were harassing. I said "I have never disrespected you. Please give me the same consideration. I'm a man. I'm asking you nicely not to disrespect me."

15. On or about April 24, 2022, I, Plaintiff Thomas Gibson, reported the comments made to me by Terran Carney to my direct supervisor Mark Coleman at the parking garage at 1030 Park Avenue Baltimore, MD 21201, which was the next time I saw him. The supervisor travels between multiple parking garages as a part of his duties. I reported the comments to him the next time I saw him at work. That day I actually reported to work but was not scheduled, and was allowed/directed to leave work early since had not officially been scheduled to work that day.

16. On April 29, 2022, I was approached by my supervisor Mark Coleman at the parking garage at 1311 Cathedral Street,

Baltimore, MD 21201. Mr. Coleman presented me with two write-ups or "incident reports." One write-up was regarding the harassment/comments from Mr. Terran Carney that I reported to Mark Coleman on April 24, 2022. The first incident report was marked as a "written notice to ensure all parties are properly informed of the expectations at work and how to handle any issues with management promptly." The second incident report was marked as a disciplinary citation, alleging that I was not performing my duties as the attendant, that I was not available to help customers during my shift. I told Mark Coleman I believed that the report was blatant retaliation for reporting harassment and I wrote on the report "I deny these averments/allegations. I have been available to assist customers." Both reports were typed and marked the date of report as April 26, 2022. Both reports were presented to me and were signed and dated by myself and Mark Coleman on April 29, 2022. Supervisor Mark Coleman stated at that time that the incident reports were authored by regional manager Douglas Logue, who directed him to present the write-ups to me. Terran Carney was discharged from FEDERAL PARKING, INC. within thirty (30) days of the report having been made.

17. Between the week of April 18, 2022 to April 24, 2022 and the week of August 29, 2022 to September 4, 2022, my(Plaintiff Gibson) scheduled working hours were further reduced to approximately three (3) hours per week, or one (1) scheduled six-hour shift every two weeks.

## TITLE VII VIOLATIONS

### COUNT I
### Title VII, 42 U.S.C. § 2000e-3(a)
### Retaliation against Plaintiff Gibson for engaging in a protected activity

18. Plaintiff Thomas Gibson re-alleges and incorporates by reference the allegations contained in paragraphs 1-17, above.

19. Plaintiff Gibson engaged in a protected activity by reporting the crime of theft by suspected FEDERAL PARKING, INC. employees to the Baltimore Police Department, and by participating in the subsequent internal investigation into the theft initiated by the regional manager of FEDERAL PARKING, INC.

20. Pursuant to MD Code, Criminal Law, § 9-303(a)(1)(ii), Plaintiff Gibson is entitled to protection under State law from retaliation against "reporting a crime or delinquent act."

21. Reporting crime is an important public function and civic duty and doing so is a protected activity for the purposes of the relevant statute.

22. FEDERAL PARKING, INC. engaged in retaliation by taking materially adverse action against the Plaintiff in the form of an incident report and the reduction of scheduled working hours in response to the Plaintiff's good faith effort to perform the important public function of reporting a crime/making a charge and participating in an investigation.

23. There is a causal connection between the report of theft by Plaintiff Gibson and the adverse action taken by FEDERAL PARKING, INC. because the "incident report" was presented to Plaintiff Gibson within twenty-four (24) hours of having filed the report of theft and because of the significant reduction of scheduled working hours within 30 days of having filed the report.

24. The Defendant would not have taken the adverse action against the Plaintiff but for the Plaintiff's protected activity.

25. The retaliation endured by Plaintiff Thomas Gibson would dissuade a reasonable employee from engaging in the protected activity and important public function of reporting suspected crime against the company by fellow employees.

26. The Defendant, FEDERAL PARKING, INC, retaliated against Plaintiff Thomas Gibson in violation of Title VII, 42 U.S.C. § 2000e-3(a).

## COUNT II
## Title VII, 42 U.S.C. § 2000e-3(a)
### Retaliation against Plaintiff Gibson for engaging in a protected activity

27. Plaintiff Thomas Gibson re-alleges and incorporates by reference the allegations contained in paragraph 1-26, above.

28. Plaintiff Gibson engaged in a protected activity when he made a complaint of sexual harassment against a fellow employee to his supervisor.

29. FEDERAL PARKING, INC. retaliated against the Plaintiff's protected activity in the form of multiple incident reports and a further significant reduction of scheduled working hours in response to his complaint of sexual harassment.

30. There is a causal connection between the Plaintiffs report of sexual harassment and the Defendants materially adverse action because the adverse action in the form of disciplinary incident reports took place within five (5) days of the Plaintiff's complaint and there was a continuing retaliation in form of significantly reduced scheduled working hours beginning within one (1) week after the complaint was made and continuing over

several months until the Plaintiff was almost entirely prevented from working.

31. The Defendant would not have taken the adverse action against the Plaintiff but for the Plaintiff's protected activity.

32. The retaliation endured by Plaintiff Thomas Gibson would dissuade a reasonable employee from engaging in the protected activity of reporting sexual harassment.

33. The Defendant, FEDERAL PARKING, INC. retaliated against Plaintiff Thomas Gibson in violation of Title VII, 42 U.S.C. § 2000e-3(a).

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, Thomas Gibson, prays that the Court grant the following relief:

(a) Enjoin the Defendant, FEDERAL PARKING, INC. from retaliating against employees who engage in activity protected under Title VII;

(b) Order the Defendant, FEDERAL PARKING, INC. to develop and implement appropriate and effective measures designed to prevent discrimination, harassment, and retaliation, including but not limited to policies and training for employees and managers;

(c Order the Defendant, FEDERAL PARKING, INC. to develop appropriate and effective measures to receive complaints of harassment, discrimination, and retaliation as well as a process for investigating such complaints;

(d) Award the Plaintiff equitable relief in the form of back pay;

(e Award the Plaintiff compensatory damages for emotional distress, suffering, inconvenience, mental anguish, embarrassment, and humiliation experienced by the Plaintiff as a consequence of the Defendant's wrongful conduct, pursuant to and within the statutory limitations of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

(f) Award the Plaintiff punitive damages pursuant to and within the statutory limitations the Civil Rights Act of 1991, 42 U.S.C. § 1981a, because the Defendant, through its regional manager Douglas Logue, who responsible for setting and enforcing policies regarding complaints of harassment, discrimination, and retaliation, acted knowingly, intentionally, maliciously, with reckless indifference, and in the face of a perceived risk that it's actions violated both state and federal law;

(g) Award such additional relief as justice may require together with all costs and fees (including experts fees) incurred by Plaintiff Thomas Gibson for the commencement of this action.

## **JURY DEMAND**

The Plaintiff, Thomas Gibson, hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

Dated: November 7, 2022

_[signature]_

Thomas Gibson,
*Plaintiff*
9512 Merikern Lane
Upper Marlboro, MD 20774
(443)-679-2213
thomasgibsoncoder@gmail.com